Filed 3/11/25  Thompson v. Superior Court CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| TALISHA THOMPSON, | |
| Petitioner, | E085018 |
| v. | (Super.Ct.No. CIVSB2327869) |
| THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, | OPINION |
| Respondent; | |
| COUNTY OF SAN BERNARDINO et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  Stephanie Tanada, Judge.  Petition granted.

Singleton Schreiber, LLP and Benjamin I. Siminou; The Simon Law Group, LLP and Brandon J. Simon and Allison M. Melendez, for Petitioner.

No appearance for Respondent.

No appearance for Real Parties in Interest.

1

INTRODUCTION

Petitioner filed a petition for writ of mandate to vacate respondent court's order granting real parties in interest's motion to compel petitioner to disclose whether her attorneys advised her where to seek medical treatment. Petitioner's writ of mandate also seeks to vacate respondent court's order granting real parties' motion for sanctions. This court invited respondent and real parties to respond. No response was filed. We grant the petition and issue a peremptory writ in the first instance directing respondent court to vacate its order granting real parties' motion to compel and to enter a new order denying the motion. We further direct respondent court to vacate its order granting real parties' motion for sanctions.

FACTUAL AND PROCEDURAL HISTORY

Petitioner is a plaintiff in a civil personal injury action against real parties stemming from an incident in which petitioner was struck by a San Bernardino County Sheriff deputy's vehicle, causing significant spinal injury. During a deposition, counsel for real parties asked petitioner whether her attorneys referred her to the treating healthcare providers. Petitioner's counsel objected to the question, citing attorney-client privilege, and petitioner did not answer. Real parties moved to compel the answer and requested sanctions based in large part on the holding in *Qaadir v. Figueroa* (2021) 67 Cal.App.5th 790 (*Qaadir*).

On September 18, 2024, respondent court granted real parties' motion to compel and awarded $1,819.50 in sanctions. The hearing was not reported, but petitioner's

counsel included a sworn declaration in accordance with California Rules of Court, rule 8.846(b)(3). According to the declaration, respondent court agreed with real parties that the information was admissible, finding that any conversation petitioner had with her counsel about medical treatment was not legal in nature and was more akin to a conversation with a family member or friend. The court found petitioner's reliance on *Gordon v. Superior Court* (1997) 55 Cal.App.4th 1546 (*Gordon*) to be misplaced, concluding that *Gordon* applied only to criminal cases.

## STANDARD OF REVIEW

Courts typically avoid writ review of discovery orders. If such an order threatens to violate a privilege, however, writ relief has been found to be appropriate because there is no other adequate remedy. (*OXY Resources California LLC v. Superior Court* (2004) 115 Cal.App.4th 874, 886.) We review the trial court's discovery ruling and sanctions award for abuse of discretion. (*Cornerstone Realty Advisors*, *LLC v. Summit Healthcare Reit*, *Inc.* (2020) 56 Cal.App.5th 771, 789.)

## DISCUSSION

The attorney client privilege permits a party to refuse to disclose information transmitted between the party and his or her attorney, including advice given by the attorney in the course of the relationship. (Evid. Code, §§ 952, 954.) "The term 'confidential communication' is broadly construed, and communications between a lawyer and his client are presumed confidential, with the burden on the party seeking disclosure to show otherwise." (*Gordon*, *supra*, 55 Cal.App.4th at p. 1557) "[T]he

3

[attorney-client] privilege does not apply to every single communication transmitted confidentially between lawyer and client.  Rather, the heartland of the privilege protects those communications that bear some relationship to the attorney's provision of legal consultation."  (*Los Angeles County Bd. of Supervisors v. Superior Court*  (2016) 2 Cal.5th 282, 294 (*Los Angeles County*).)

Petitioner argues that any potential referral that her attorney provided concerning where she should seek treatment is covered by the attorney-client privilege.  (See Evid. Code, § 950, et seq.)  The privilege is statutory and subject to "only a few specific exceptions."  (Evid. Code, §§ 952, 954; *Mitchell v. Superior Court* (1984) 37 Cal.3d 591, 599-600 (*Mitchell*).)

If petitioner's attorney referred petitioner to a particular medical provider because the provider would agree, for example, to treat petitioner under a lien agreement, such a referral would be the type of advice transmitted "in the context of investigating, preparing and prosecuting a lawsuit," and not just a recommendation of the type routinely made to a friend or family member.  (*Mitchell*, *supra*, 37 Cal.3d at p. 601.)  Advice provided by an attorney in contemplation of threatened litigation has been found to be protected by the attorney-client privilege.  (*Titmas v. Superior Court* (2001) 87 Cal.App.4th 738, 744.)  The privilege has been found to cover legal advice even when no litigation is threatened.  (*Wellpoint Health Networks*, *Inc. v. Superior Court* (1997) 59 Cal.App.4th 110, 120-121.)  Such advice from attorney to client within the context of representation is distinguishable from other circumstances in which attorney-client privilege has been found not to apply.

4

(See *Edwards Wildman Palmer LLP v. Superior Court* (2014) 231 Cal.App.4th 1214, 1226 [attorney-client privilege is inapplicable to an attorney acting as a negotiator giving business advice].)

In the proceedings below, real parties relied heavily on the *Qaadir* case. In *Qaadir*, during opening statements at trial, the defense counsel, with no objection from the plaintiff, told the jury that the plaintiff was advised by his lawyer to seek treatment from a particular doctor. (*Qaadir*, *supra*, 67 Cal.App.5th at p. 808.) Defense counsel subsequently asked the plaintiff and another witness whether plaintiff's counsel referred the plaintiff to the treating doctor. (*Ibid*.) The plaintiff objected on relevance grounds, and the court sustained the objection without permitting the defense to make an offer of proof. (*Id*. at p. 808, fn. 6.) On appeal, the reviewing court agreed that it was error for the trial court to refuse to consider evidence of relevance. However, the appellate court determined that there was no prejudice to the defendant, because defense counsel was able to cross-examine the treating physician, who had agreed to a lien-based recovery of fees, as to whether his lien agreement subjected him to bias or created an incentive to inflate his bills. (*Id*. at p. 808.)

The *Qaadir* case contains no discussion of the attorney-client privilege or whether it applies to an attorney referral to a medical provider. In their moving papers below, real parties argued, without addressing the privilege, that the *Qaadir* holding requires a plaintiff to disclose whether her counsel advised her to seek a particular medical provider, because the information is relevant to the reasonableness of the physician's lien-based

5

billing.  Such a broad reading of *Qaadir* cannot be squared with established California Supreme Court precedent, which states "[t]he [attorney-client] privilege is absolute and disclosure may not be ordered, without regard to relevance, necessity or any particular circumstances peculiar to the case."  (*Costco Wholesale Corp. v. Superior Court* (2009) 47 Cal.4th 725, 739 (*Costco*).)  Rather, "the attorney-client privilege is a legislative creation, which courts have no power to limit by recognizing implied exceptions."  (*Ibid*.)  Thus, it appears petitioner has stated a prima facie claim of privilege, and real parties have not demonstrated the communication was not confidential or that the privilege does not otherwise apply.  (*Id*. at p. 733.)  Respondent court's order compelling disclosure was therefore erroneous, and both it and the concomitant sanctions award must be vacated.

DISPOSITION

Let a peremptory writ of mandate issue directing the respondent court to (1) vacate its order granting real parties' motion to compel and (2) enter a new order denying the motion.  Respondent court is further directed to vacate its order granting real parties' motion for sanctions.  Petitioner shall recover her costs of this writ proceeding.  (Cal. Rules of Court, rule 8.493(a)(1)(A).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ

J.

We concur:

MCKINSTER

Acting P. J.

MILLER

J.